UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

DEANTHONY A. NASH,

        Petitioner,

v.                                            Case No. 08-CV-534

RANDALL R. HEPP,

        Respondent.

_____

## ORDER

On June 23, 2008, petitioner DeAnthony A. Nash ("Nash") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §§ 2241 and 2254, challenging his State of Wisconsin convictions and imprisonment. Nash has previously filed petitions under § 2254, thereby making his current petition successive as the Rules Governing Section 2254.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a district court may not consider a second or otherwise successive § 2254 petition unless the prisoner has previously obtained authorization from the appropriate court of appeals. Section 2244(b). If a prisoner files a successive § 2254 petition in a district court without having obtained such authorization, the court must dismiss it for want of subject matter jurisdiction. *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). Although Nash purports to bring his habeas petition to pursuant to §§ 2241 and 2254, the § 2254 rules specifically state that the district court may apply them to other habeas petitions. *See* Rule 1(b) of the Rules Governing § 2254 Cases; *see*

*also Peoples v. Chatman*, 393 F.3d 1352, 1352 (11th Cir. 2004) (concluding that § 2241 petitions are subject to the same restrictions as § 2254 petitions); *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000) (stating that "as a practical matter the requirements of § 2254 must be met by all state prisoners filing petitions for writs of habeas corpus after conviction").

Nash has filed a motion for an order authorizing a successive petition, but the Seventh Circuit denied his motion on July 16, 2008. Furthermore, the Seventh Circuit imposed a $500.00 sanction upon Nash pursuant to its previous decisions in *Alexander v. United States*, 121 F.3d 312 (7th Cir. 1997) and *Support Sys. Int'l v. Mack*, 45 F.3d 185 (7th Cir. 1995). Clearly, this court has no jurisdiction to consider Nash's current petition and it must be dismissed.

Accordingly,

**IT IS ORDERED** that Nash's petition pursuant to 28 U.S.C. §§ 2241 and 2254 be and the same is hereby **DISMISSED** for want of jurisdiction.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 24th day of July, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge